IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BUILDERS WAREHOUSE, INC., a Nebraska corporation;<br><br>**Plaintiff,**<br><br>vs.<br><br>PFC SERVICES, INC., a Georgia corporation; and PAUL BUMBLAUSKAS, an individual;<br><br>**Defendants.** | 7:24CV5001<br><br>ORDER |

This matter comes before the Court following a discovery dispute conference held with counsel for the parties on September 4, 2025. During the conference, the Court granted Defendants' request to conduct an *in camera* review of certain redacted documents and other documents withheld by Plaintiff as attorney-client privileged. (Filing No. 97; Filing No. 98-1 at pp. 9-13). The Court ordered Plaintiff to provide the Court and counsel with a supplemental privilege log, and to file the withheld documents under seal for the Court's *in camera* review. Plaintiff provided a supplemental privilege log and filed the documents under seal as directed on September 11, 2025. (Filing No. 102). Following the Court's *in camera* review, the Court finds Plaintiff has properly asserted attorney-client privilege and properly redacted documents.

ANALYSIS

In a diversity case, the court applies "federal law to resolve work product claims and state law to resolve attorney-client privilege claims." *Baker v. Gen. Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000). See also Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."). In this diversity case, there does not appear to be a dispute that Nebraska law applies to the present issues regarding attorney-client privilege and waiver thereof. (Filing No. 98-1 at pp. 10-11); see also *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002) (referencing Fed. R. Evid. 501).

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *United States v. Yielding*, 657 F.3d 688, 706-07 (8th Cir. 2011) (quoting *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981)). Under Nebraska law, "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (a) between himself or his representative and his lawyer…" Neb. Rev. Stat. § 27-503(2). For the attorney-client privilege to apply, there must be an attorney client relationship. See *State ex rel. Stivrins v. Flowers*, 729 N.W.2d 311, 316 (Neb. 2007). "An attorney-client relationship is created when (1) a person seeks advice or assistance from an attorney, (2) the advice or assistance sought pertains to matters within the attorney's professional competence, and (3) the attorney expressly or impliedly agrees to give or actually gives the desired advice or assistance." *Flowers*, 729 N.W.2d at 317 (citing *McVaney v. Baird, Holm, McEachen, Pedersen, Hamann & Strasheim,* 466 N.W.2d 499, 506 (Neb. 1991)). "[T]o be protected from disclosure, a communication must be one which is essentially confidential in character and which relates to the subject matter upon which advice was given or sought. *State v. Hawes*, 556 N.W.2d 634, 637 (Neb. 1996). A communication is confidential if it is not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication. See Neb. Rev. Stat. § 27-503(1)(d).

The attorney-client privilege is narrowly construed and "protects only those disclosures—necessary to obtain informed legal advice—which might not have been made absent the privilege." *United States v. Ivers*, 967 F.3d 709, 716 (8th Cir. 2020) (quoting *Fisher v. United States*, 425 U.S. 391, 403 (1976)). The party asserting the attorney-client privilege has the burden of proving the information sought is protected. *Greenwalt v. Wal-Mart Stores, Inc.*, 567 N.W.2d 560, 566 (Neb. 1997). The party claiming privilege must:

> (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters

relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action…

Fed. R. Civ. P. 26(c)(1).

The Court has reviewed the withheld and/or redacted documents *in camera* as identified on Plaintiff's privilege log, which is reproduced below. The Court has added additional columns identifying each document's place either under Filing No. 102, the Bates number utilized by plaintiff, or both, and the Court's ruling on each item:

| Number | Date | Description | Basis for Withholding | Doc. 102 Page Number | Bates Number | Court's Ruling |
|---|---|---|---|---|---|---|
| 1 | August 5-6, 2019 | Emails between attorney Justin Herrmann, Bryan Rosenbaugh, Myron Andersen regarding the Independent Contractor Agreement with Bumblauskas. | Attorney-client privilege | 1-2 | 0183-0192 | Privileged |
| 2 | August 9, 2019 | Emails between Bryan Rosebaugh, Myron Andersen, and Attorney Justin Herrmann regarding the Independent Contractor Agreement with Bumblauskas. | Attorney-client privilege | 4, 5 | 0193-0194 | Privileged |
| 3 | September 1-August 31, 2021 | Emails between Casey Carey and Justin Herrmann regarding the Independent Contractor Agreement with Bumblauskas and the separation agreement with Bryan Rosenbaugh. | Attorney-client privilege | 6-19 | | Privileged |

| | | | | | | |
|---|---|---|---|---|---|---|
| 4 | September 2-3, 2021 | Emails between Casey Carey and Attorney Justin Herrmann relating to Rosenbaugh's termination and the Independent Contractor Agreement with Bumblauskas. | Attorney-client privilege | 20-22 | 0001-0003 | Privileged |
| 5 | November 4-5, 2021 | Emails between Bumblauskas, Justin Herrmann, Casey Carey, Stacy Bivona, and Chad Andersen relating to Debra Pelkowski's employment agreement. | Attorney-client privilege | 23-28 | | Privileged |
| 6 | August 20 - 22, 2022 | Emails between Bumblauskas, Justin Herrmann, and Casey Carey relating to Pelkowski's employment. | Attorney-client privilege | 29-30 | | Privileged |
| 7 | October 14, 2022 | Emails between Bumblauskas, Casey Carey, and Justin Herrmann relating to Pelkowski's employment. | Attorney-client privilege | 31-32 | | Privileged |
| 8 | October 19, 2022 | Email from Bumblauskas to Justin Herrmann, Casey Carey, Chad Andersen and Stacy Bivona relating to Pelkowski's employment. | Attorney-client privilege | 33 | 0038 | Privileged |
| 9 | October 20, 2022 | Emails between Bumblauskas and Justin Herrmann and Casey Carey relating to Pelkowski's termination. | Attorney-client privilege | 34 | | Privileged |

| | | | | | | |
|---|---|---|---|---|---|---|
| 10 | October 21, 2022 | Emails between Bumblauskas, Justin Herrmann, Casey Carey, and Bette Spath regarding termination of Pelkowski and her benefits. | Attorney-client privilege | 35-37 | | Privileged |
| 11 | October 31, 2022 | Email from Bumblauskas to Casey Carey and Justin Herrmann relating to Pelkowski's termination. | Attorney-client privilege | 38 | 0046 | Privileged |
| 12 | November 1, 2022 | Email from Bumblauskas to Justin Herrmann, Bette Spath and Casey Carey relating to Pelkowski's termination. | Attorney-client privilege | 39-41 | 0047-0049 | Privileged |
| 13 | October 31 – November 1, 2022 | Emails between Bumblauskas, Justin Herrmann, Casey Carey, and Bette Spath relating to Pelkowski's termination. | Attorney-client privilege | 42-46 | | Privileged |
| 14 | November 2, 2022 | Email from Bette Spath to Casey Carey, Justin Herrmann, and Bumblauskas regarding Pelkowski's termination. | Attorney-client privilege | 47-53 | | Privileged |
| 15 | November 29, 2023 | Text message from Casey Carey to Michael Cassidy regarding communications with Justin Herrmann. | Attorney-client privilege | 54 | | Privileged |
| 16 | November 29, 2023 | Email from Justin Herrmann to Casey Carey relating to the Independent Contractor Agreement with | Attorney-client privilege | 55 | 0079 | Privileged |

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
|  |  | Bumblauskas. |  |  |  |  |
| 17 | December 6, 2023 | Email from Myron Andersen to Justin Herrmann and Chad Andersen relating to Bumblauskas' employment. | Attorney-client privilege | 56 | 0080 | Privileged |
| 18 | December 6, 2023 | Email from Myron Andersen to Chad Andersen and Casey Carey which contained the email from Myron to Justin Herrmann identified in #17 above. | Attorney-client privilege | 56 | 0080 | Privileged |
| 19 | December 7, 2023 | Email from Casey Carey to Justin Herrmann relating to Bumblauskas. | Attorney-client privilege | 57-58 | 0266-0267 | Privileged |
| 20 | January 4, 2024 | Board meeting minutes in which information was provided by Justin Herrmann to the Board of Directors relating to the dispute with Bumblauskas and PFC Services. | Attorney-client privilege | 59 |  | Privileged |
| 21 | April 2024 | This is a draft report prepared by Matt Lausten, an accountant, from the Betzer Call Lausten accounting firm in Denver. The only people to receive copies of this document are attorneys for Builders, Michael Cassidy, Stacy Bivona, and Laura Stence. | Attorney-Client Privilege and Rule 26(f) report (Doc. 26). | 60-84 |  | Privileged |
| 22 | March 2022 | Portion of Builders meeting minutes from March 2022 in which | Attorney-client privilege | 85 |  | Privileged |

|  |  | Justin Herrmann provided legal input regarding ESOP. |  |  |  |  |
|---|---|---|---|---|---|---|

## LEGEND

For ease of reference, below is a roster of Builders' personnel and their role within the company.

1. Casey Carey – Builders' former Chief Executive Officer
2. Michael Cassidy – Builders' Chief Operating Officer and Board Member
3. Justin Herrmann – Builders' Corporate Counsel
4. Paul Bumblauskas – Owner of PFC Services, Inc. and independent contractor for Builders – served as interim Chief Financial Officer and Board Member of Builders.
5. Bryan Rosenbaugh – Builders' former Chief Executive Officer
6. Myron Andersen – Builders' owner, Board Member, and former President
7. Stacy Bivona – Builders' co-owner, current CEO, and Board Member
8. Chad Andersen – Builders' co-owner, President, and Board Member
9. Debra Pelkowski – Builders' former Chief Financial Officer
10. Bette Spath – Builders' Human Resource Manager
11. Laura Stence — Builders' current Chief Financial Officer

### I.   E-mails with Justin Herrmann and Paul Bumblauskas

The Court finds that all e-mails from or including Justin Herrmann ("Herrmann"), Builders' Corporate Counsel, are protected by attorney-client privilege. Defendants argue that Herrmann's inclusion alone on e-mail communications does not necessarily establish that the attorney-client privilege applies to the e-mail, as he could be acting in another capacity such as providing factual information or business advice. See, e.g., *United States v. Spencer*, 700 F.3d 317, 320 (8th Cir. 2012) ("[W]hen an attorney acts in other capacities, such as a conduit for a client's funds, as a scrivener, or as a business advisor, the privilege does not apply."). However, the Court concludes that all the withheld e-mails from or including Herrmann are protected by the attorney-client privilege because he was acting in his role as legal counsel, despite also serving on Builders' Board of Directors. After review, the Court is unable to separate any responsibilities and discussions as business advice from legal advice.

Defendants also assert that e-mail conversations in which Defendant Bumblauskas participated with counsel for Builders are not privileged as to Bumblauskas and should be produced. (Filing No. 98-1 at p. 11). At the time of these email conversations, Bumblauskas was the interim CFO of Builders and served on the Board of Directors. The privilege concerning these communications belonged to Bumblauskas' employer, Builders, not to Bumblauskas. See, e.g., *Milroy v. Hanson*, 875 F. Supp. 646, 649 (D. Neb. 1995) (stating that, "for purposes of the attorney-client privilege [] [t]here is but one client, and that client is the corporation."). In his role as CFO, Bumblauskas was involved in seeking legal advice on behalf of Builders. He has "no right to frustrate the attorney-client privilege" as to Builders as an individual. See *id.* Therefore, the Court finds the e-mails between Bumblauskas and Herrmann are properly withheld as protected by attorney-client privilege.

    II.    **Board Minutes - Numbers 20, 22 (Bates Nos. 59, 85)**

Defendants next assert that redactions of Board meeting minutes are not protected by attorney-client privilege. (Filing No. 98-1 at pp. 11-12). Defendants claim a substantial need to see "full, unredacted copies of all board meeting minutes" so that all parties have the same record of what happened at the meetings, and specifically, Bumblauskas' alleged illegal conduct. Further, Defendants claim that they would be unfairly prejudiced if Paul Weitzel had access to information that is not also available to Defendants' experts. After the Court's review of the redacted documents, it does not appear that Bumblauskas was present, either throughout the meeting or while in executive session, and there is no risk of an uneven playing field concerning Paul Weitzel's expert report given the substance of the information redacted. (Doc. No. 98-3, p. 71; Doc. No. 98-3, p. 27). Therefore, the Court finds Plaintiff's redactions were proper.

    III.    **Draft Report - 21 (Bates Nos. 60-84)**

The draft report prepared by Matt Lausten, an accountant, from the Betzer Call Lausten accounting firm in Denver, was not raised by either party. Upon *in camera* review, this report is privileged and protected by the work product doctrine. See Fed. R. Civ. P. 26(b)(3)(A)(ii) ("[A] party may not discover documents and tangible things that are prepared in anticipation of litigation[.]"). The only people to receive copies of this document were attorneys for Builders, Michael Cassidy, Stacy Bivona, and Laura Stence. Further, the report is addressed to lawyers with

the case number referenced. (Filing No. 102, p. 60-66). Thus, the Court finds the draft report is privileged and protected by the work product doctrine. Accordingly,

**IT IS ORDERED**: Plaintiff has properly asserted attorney-client privilege as to all withheld and/or redacted documents identified in Plaintiff's supplemental privilege log, and shall not be produced.

Dated this 24th day of September, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge